**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICK COLLINS, INC.,

               Plaintiff,

vs.                                    Case No. 3:12-cv-574-J-25JRK

JOHN DOES 1-32,

               Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**[1]

      This cause is before the Court on the following Motions and the respective Responses in opposition to the Motions (to the extent that some John Does filed supplements to their respective Responses, those are also noted):

      1.     Motion to Dismiss (Doc. No. 7), filed July 24, 2012; Plaintiff's Memorandum in Opposition to Motion to Dismiss (Doc. No. 11), filed August 7, 2012;

      2.     Doe 5's Amended Motion for Protective Order, With Motion to Quash and Motion to Dismiss, with Incorporated Memorandum of Law (Doc. No. 14), filed August 13, 2012; Plaintiff's Memorandum in Opposition to Doe 5's Amended Motion for Protective Order, With Motion to Quash and Motion to Dismiss, With Incorporated Memorandum of Law (Doc. No. 17), filed August 27, 2012; Doe 5's Notice of Supplemental Authority in Support of Doe 5's Motion to Quash (Doc. No. 30), filed October 8, 2012;

_____

      [1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a <u>de novo</u> determination by a district judge and from attacking factual allegations on appeal. <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

3.      Doe 22's Amended Motion for Protective Order, With Motion to Quash and Motion to Dismiss, With Incorporated Memorandum of Law (Doc. No. 15), filed August 13, 2012; Plaintiff's Memorandum in Opposition to Doe 22's Amended Motion for Protective Order, With Motion to Quash and Motion to Dismiss, With Incorporated Memorandum of Law (Doc. No. 18), filed August 27, 2012; Doe 22's Notice of Supplemental Authority in Support of Doe 22's Motion to Quash (Doc. No. 29), filed October 8, 2012;

4.      Motion to Quash or Modify Subpoena (Doc. No. 16), filed August 13, 2012; Plaintiff's Memorandum in Opposition to Motion to Quash or Modify Subpoena (Doc. No. 19), filed August 27, 2012;

5.      Doe 24 Motion to Sever, Dismiss, or Issue Protective Order, and Supporting Memorandum of Law (Doc. No. 20), filed August 30, 2012; Plaintiff's Memorandum in Opposition to John Doe 24's Motion to Sever, Dismiss, or Issue Protective Order [DKT. #20] (Doc. No. 23), filed September 13, 2012;

6.      John Doe #30's Motion to Sever, Dismiss, or Issue Protective Order and Adopted Supporting Mem[o]randum of Law (Doc. No. 21), filed August 30, 2012; Plaintiff's Memorandum in Opposition to John Doe 30's Motion to Sever, Dismiss, or Issue Protective Order and Adopted Supporting Memrandum [SIC] of Law (Doc. No. 24), filed September 13, 2012;

7.      Doe 14's Omnibus Motion to Quash, Drop Party or Sever, and Reconsider Order Granting Leave for Discovery, and Motion for Protective Order, With Incorporated Memorandum of Law (Doc. No. 26), filed September 29, 2012; Plaintiff's Memorandum in Opposition to Doe 14's Omnibus Motion to Quash, Drop Party or Sever, and Reconsider

Order Granting Leave for Discovery, and Motion for Protective Order, With Incorporated Memorandum of Law [DKT. 26] (Doc. No. 31), filed October 15, 2012; Amended Doe 14's Notice of Supplemental Authority in Support of Doe 14's Motion to Quash (Doc. No. 28), filed October 8, 2012; Doe 14's Second Notice of Supplemental Authority in Support of Doe 14's Omnibus Motion (Doc. No. 34), filed December 3, 2012;

      8.    Doe 16's Omnibus Motion to Quash, Drop Party or Sever, and Reconsider Order Granting Leave for Discovery, and Motion for Protective Order, With Incorporated Memorandum of Law (Doc. No. 32), filed October 19, 2012; Plaintiff's Memorandum in Opposition to Doe 16's Omnibus Motion to Quash, Drop Party or Sever, and Reconsider Order Granting Leave for Discovery, and Motion for Protective Order With Incorporated Memorandum of Law [DKT. #32] (Doc. No. 33), filed November 2, 2012.

The above-listed Motions have been referred to the undersigned for preparation of a report and recommendation regarding the appropriate resolution of the Motions. There is, however, one exception. The portions of the Motions seeking severance of the Doe Defendants will be addressed by separate order.

## I. Background

On May 15, 2012, Plaintiff initiated this action by filing a Complaint for Copyright Infringement (Doc. No. 1; "Compl."), alleging that thirty-two (32) Doe Defendants are liable for "[d]irect copyright infringement in violation of 17 U.S.C. §§ 106 and 501." Compl. at 1. Plaintiff asserts that it owns the copyright "for the motion picture entitled 'Asa Akira is Insatiable 2.'" Id. at 3. Plaintiff contends the Doe Defendants used BitTorrent, a peer-to-peer file sharing system, "to upload and download Plaintiff's copyrighted Work." Id. at 5; see

also id. at 3.  Because the alleged infringement occurred via the Internet, Plaintiff used  the

services of IPP, Limited to obtain the Internet Protocol ("IP") addresses for each Doe

Defendant.  See Compl. at 7.  Once Plaintiff had the IP addresses for each Doe Defendant,

on May 30, 2012, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to

a Rule 26(f) Conference (Doc. No. 4).  In the Motion, Plaintiff sought leave to serve

subpoenas on the Doe Defendants' respective Internet Service Providers ("ISP(s)"), so the

ISPs could then provide Plaintiff with the Doe Defendants' contact information.  Plaintiff's

request was granted on July 3, 2012.  See Order (Doc. No. 6).

Thereafter, based on the Motions filed, it appears that subpoenas were issued to at

least some of the Doe Defendants' ISPs.  Now, some of the Doe Defendants have

anonymously appeared in this action, either pro se or through counsel, by filing the above-

listed Motions.

## II. Discussion

Each Motion generally seeks the same relief: quash the subpoenas; issue a

protective order; and dismiss the complaint.[2]  Each is addressed in turn.

### A. Quash Subpoenas

The Doe Defendants argue that the subpoenas issued to their respective ISPs should

be quashed because the requests for the Does' identifying information are overbroad,

prejudicial, unduly burdensome, not reasonably calculated to lead to the discovery of

admissible evidence, and not relevant.  Also in support of their request to quash the

---

[2]        As previously noted, the undersigned does not address the arguments relating to
severance of the Doe Defendants.  Those arguments will be addressed by separate order.

subpoenas, the Does argue that venue is improper in the Middle District of Florida.   In

addition to these arguments, John Does #14 and #16 specifically take issue with the letter

they received from their respective ISP.  They argue the letter did not provide proper notice

of the subpoena in accordance with 47 U.S.C. § 551(c)(2)(B).

Rule 45(c)(3)(A) states:

On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

First, this Court may not even be the appropriate forum in which to seek to quash the

subpoenas.  The Rule makes clear that only the "issuing court" may quash or modify a

subpoena.  Fed. R. Civ. P. 45(c)(3)(A).  Because none of the subpoenas are attached to any

of the filings, this Court cannot determine whether it even has the authority to quash or

modify the subpoenas.  In an attempt to circumvent this requirement, however, the Does

argue that this Court's broad authority to govern the contours of discovery allows this Court,

regardless of whether it is the "issuing court," to modify or quash the subpoenas.  The

undersigned is simply not persuaded by the Does' arguments.  See Chick-Fil-A v.

Exxonmobil Corp., No. 08-61422-CIV, 2009 WL 2242392, at *1 (S.D. Fla. July 24, 2009)

(unpublished) (collecting cases wherein the non-issuing court denied without prejudice motions to quash subpoenas based on a lack of authority to do so).

Second, the Does cannot establish standing to challenge the subpoenas. The subpoenas were issued to third-parties–the Does' respective ISPs–not to the John Does. In the Eleventh Circuit, "standing [to object to a third-party subpoena] exists if the party alleges a 'personal right or privilege' with respect to the subpoenas." Auto-Owners Ins. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)).[3] The Court has already found that whatever personal right or privilege the Doe Defendants have in remaining anonymous is outweighed by Plaintiff's right to protect its copyrights. See Order (Doc. No. 6; "July 3, 2012 Order"), entered July 3, 2012, at 4-5. To the extent some of the Does seek reconsideration of that Order, the Court declines to do so.[4] Moreover, as detailed in the section addressing the requests for dismissal of this case, the Does who have appeared may not even be the ones who are eventually named as defendants. Thus, the arguments are not compelling.

Even assuming this Court has the authority to modify or quash the subpoenas and assuming the Does have standing to challenge the subpoenas, the substantive arguments made by the Does are unpersuasive or based upon mere speculation. While the nature of

---

[3]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4]     "Reconsideration of a [c]ourt's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Above the Belt, Inc. v. Bohannan Roofing, Inc., 99 F.R.D. 99, 1010 (E.D. Va. 1983)). A movant must provide "facts or law of a strongly convincing nature to demonstrate to the [c]ourt the reason to reverse its prior decision." Id. (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). No such showing has been made here.

the film involved may cause embarrassment to a potentially innocent John Doe, such embarrassment does not outweigh the protections afforded to those who have sought copyrights of their works.  After due consideration, the undersigned finds no reason at this time to quash the subpoenas.

### B. Protective Order

The arguments made in favor of issuing a protective order are similar to those made in favor of quashing the subpoenas.  Generally, the Doe Defendants assert that protective orders should issue to limit the use of the Does' identifying information and to protect the Does from annoyance, embarrassment, oppression, and undue burden or expense. More specifically, the Does contend that Plaintiff has no intention of actually prosecuting this case; rather, according to the Does, Plaintiff seeks the identity of each Doe Defendant so Plaintiff can extort a settlement from each Defendant.  The Does also argue that although each Doe is an internet subscriber linked to a unique IP address, the actual infringer may be someone else.

Rule 26(c)(1), Federal Rule of Civil Procedure ("Rule(s)"), permits a court, upon a showing of good cause, to enter an order precluding discovery of any matter "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  "If a party objects to opposing counsel's manner of conducting discovery, including depositions, the proper remedy is to seek a protective order." McDonald v. Cooper Tire & Rubber Co., 186 F. App'x 930, 931-32 (11th Cir. 2006) (unpublished) (citing Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1325 (11th Cir. 2002)).  To demonstrate good cause for a protective order, the moving party must make "'a

particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also Estate of Manship v. United States, 240 F.R.D. 700, 702 (N.D. Ga. 2006).

In the July 3, 2012 Order, the Court found good cause for granting Plaintiff's request to proceed with expedited discovery prior to a Rule 26(f) conference.  Although the Does may be correct in arguing that the ISP subscriber (the person associated with each IP address) may not be the actual infringer, the ISP subscriber's personally identifying information is nonetheless relevant.  Its relevancy stems from the fact that the subscriber's identifying information may then lead to the discovery of admissible evidence, i.e., the real infringer's identity, if the subscriber is not the infringer.

The Does also argue that Plaintiff does not intend to litigate this action; rather, according to the Does, Plaintiff merely seeks the Does' respective identifying information so Plaintiff can extort settlements from the Does.  Without any factual support, these arguments are merely speculative accusations at this time.  Parties routinely settle cases without court intervention, and Plaintiff affirms in its Responses in opposition to the instant Motions that it intends to litigate this action to protect its copyright.  The Does' concern is especially minimized with respect to the Does who are represented by counsel.

In sum, the Does have not made "'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." Auto-Owners Ins. Co., 231 F.R.D. at 429-30 (quoting Garrett, 571 F.2d at

1326 n.3).  Accordingly, the undersigned finds that the information sought by Plaintiff falls within the strictures of the Rules, <u>see</u> Fed. R. Civ. P. 26(b)(1), and the requests for a protective order should be denied.

### C. Dismiss

The portions of the Motions seeking dismissal are premature.  None of the John Does have been formally identified; therefore, none of them have been served with process. Those John Does who have appeared may not be the defendants who are eventually named in this case.  <u>See</u> <u>Malibu Media, LLC v. John Does 1-9</u>, No. 8:12-cv-669-T-23AEP, Doc. No. 25 (M.D. Fla. July 6, 2012) (unpublished order denying motions to dismiss and reasoning that "'[u]ntil [the p]laintiff formally names and serves each defendant, the [c]ourt cannot be certain whether any of the movants will be compelled to defend this action as parties'") (quoting <u>W. Coast Prods., Inc. v. Does 1-5829</u>, 275 F.R.D. 9, 14 (D.D.C. 2011)); <u>see also</u> <u>Malibu Media LLC v. John Does 1-25</u>, No. 2:12-cv-266-FtM-29DNF, 2012 WL 3941770, at *1-2 (M.D. Fla. Sept. 10, 2012) (unpublished) (same reasoning); <u>AF Holdings, LLC v. Does 1-162</u>, No. 11-23036-Civ, 2012 WL 488217, at *5 (S.D. Fla. Feb. 14, 2012) (unpublished) (same reasoning).  After the John Does are served and after they formally appear in this case, these arguments may be raised again if appropriate.

### III.  Conclusion

Upon consideration of the Motions, the Responses, and the file, it is

**RECOMMENDED:**

That the Motion to Dismiss (Doc. No. 7); Doe 5's Amended Motion for Protective Order, With Motion to Quash and Motion to Dismiss, with Incorporated Memorandum of Law

(Doc. No. 14); Doe 22's Amended Motion for Protective Order, With Motion to Quash and Motion to Dismiss, With Incorporated Memorandum of Law (Doc. No. 15); Motion to Quash or Modify Subpoena (Doc. No. 16), filed August 13, 2012; Doe 24 Motion to Sever, Dismiss, or Issue Protective Order, and Supporting Memorandum of Law (Doc. No. 20); John Doe #30's Motion to Sever, Dismiss, or Issue Protective Order and Adopted Supporting Mem[o]randum of Law (Doc. No. 21); Doe 14's Omnibus Motion to Quash, Drop Party or Sever, and Reconsider Order Granting Leave for Discovery, and Motion for Protective Order, With Incorporated Memorandum of Law (Doc. No. 26); and Doe 16's Omnibus Motion to Quash, Drop Party or Sever, and Reconsider Order Granting Leave for Discovery, and Motion for Protective Order, With Incorporated Memorandum of Law (Doc. No. 32) be **DENIED**.[5]

      **RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 6, 2012.

*James R. Klindt*

**JAMES R. KLINDT**
United States Magistrate Judge

jld
Copies to:

Honorable Henry Lee Adams, Jr.
United States District Judge

Counsel of Record
Pro se parties

---

[5]    This recommendation does not encompass the arguments relating to severance of the Doe Defendants. Those arguments will be addressed by separate order.