```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

PATRICK COLLINS, INC.,            )
                                  )
       Plaintiff,                 )
                                  )  Civil Action No.
v.                                )  3:12-cv-00574-HLA-JRK
                                  )
JOHN DOES 1–32,                   )
                                  )
       Defendants.                )
_____    )

**DOE 16'S OBJECTION TO REPORT AND RECOMMENDATION [35], WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant "Doe 16," by and through the undersigned attorney, and, pursuant to Local Rule 6.02(a) Federal Rules of Civil Procedure, respectfully files his or her timely objections to the Report and Recommendation filed on December 6, 2012 (Doc. 35). Doe 16 incorporates Doe 16's arguments in his/her original motion and additionally provides:

**I.   The Court must decide the issue of severing, as such is intertwined with Doe 16's request that his or her information be protected.**

Pornographer PATRICK COLLINS, INC. and its affiliate MALIBU MEDIA, LLC are the most prolific in this District among the "copyright locusts,"[1] as one court aptly called plaintiffs of the sort who file these mass-copyright actions against

---

[1] *Media Products, Inc. DBA Devil's Film v. Does 1-26,* 1:12-cv-03719-HB [Doc. 9 at 3] (S.D.N.Y. Sept. 4, 2012)

unidentified John Does.

Throughout the summer, the Courts of the Middle District seemingly tolerated these pornographers' lawsuits, finding the issue of joinder "premature."[2] As a result, the District quickly became favorable to other copyright Plaintiffs,[3] each filing suits against groups of anonymous Does identified only by I.P. addresses and sending out subpoenas to literally thousands of Florida residents. As this type of litigation has grown relentlessly, the tables in the Middle District have turned. This month, three judges in the Middle District of Florida entered orders severing these cases, or suggesting or recommending severing.

Just Klindt's report and recommendation states that the issue of severing will be addressed in a subsequent order. However, Doe 16's request for a protective order is strongly intertwined with the request that the case be severed. If Doe 16 will be severed, Doe 16's information is not relevant to the case and should not be released to Plaintiff. Therefore, it is essential that the issue of severing be addressed prior to or at the same time as determining whether or not to prevent Doe

---

[2] Order in *Malibu Media, LLC v. Does 1-9*, 8:12-cv-669 [Doc. 25] (M.D. Fla. July 6, 2012).
[3] Other Plaintiffs filing suits in the District include BAIT PRODUCTIONS PTY, LTD.; CELESTIAL, INC.; FIRST TIME VIDEOS, LLC; INGENUITY 13 LLC; JOHN STAGLIANO, INC; NU IMAGE, INC.; NUCORP, LTD; PATRICK COLLINS, INC.; RAW FILMS, LTD; THIRD DEGREE FILMS, INC.; and WEST COAST PRODUCTIONS.

16's subscriber information from being released to Plaintiff, which is the heart of Doe 16's motion.

On the very same day Judge Klindt entered his Report and Recommendation, the Honorable JAMES D. WHITTEMORE of the Tampa division, in a similar or related case, entered an order granting a Doe's motion to sever. *Malibu Media, LLC v. Does 1-28*, 8:12-cv-01667-JDW-MAP [Doc. 22.](Dec. 6, 2012) (copy at **Exhibit "1"**). Therein, even though no John Doe had been served, the Court granted a motion to sever, dismissing claims against all John Does except Doe 1.

Next, on December 13, 2012, the Honorable TIMOTHY J. CORRIGAN of the Jacksonville division entered an order putting a stay on three similar or related cases and requiring the plaintiffs to file a brief as to why Defendants should not be severed. *West Coast Prod., Inc. v. Does 1-675*, 3:12-cv-964-J-32TEM [Doc. 42]; *Malibu Media LLC v. Does 1-19*, 3:12-cv-335-J-32MCR; *Malibu Media LLC v. Does 1-46*, 3:12-cv-522-J-UATC-PRL (copy at **Exhibit "2"**).

Then, on December 14, 2012, the Honorable DAVID A. BAKER of the Orlando division, after holding a hearing in all 25 cases filed by Bait Productions, Inc. in this District, entered a report and recommendation finding that the 1536 cumulative Defendants in those cases were "improperly or imprudently

joined." *Bait Prod. Pty Ltd. v. Does 1-73*, 6:12-cv-1637-Orl-31DAB [Doc. 12 at 2] (copy at **Exhibit "3"**). Therein, Judge Baker mentioned the other cases in this district, including this case, and recommended "that the Chief Judge or the Board of Judges consider comparable case management and severance for all such cases." *Id*.

Also recently, the Southern District of Florida entered an order severing a BitTorrent case, therein expressly finding it "not premature" to decide motions to sever before the Does were served with process. *Aerosoft GmbH v. John Does 1-50*, 12-21489-CIV, 2012 WL 272270 *4 (S.D. Fla. Oct. 23, 2012). The Court found that a common argument by mass-doe plaintiffs, that the joinder issue is "premature," was "specious." *Aerosoft GmbH*, 2012 WL 272270 *4.

Therefore, in light of these recent cases, these issues can no longer be found "premature," and it is unfair to allow Plaintiff to obtain Doe 16's personal subscriber information in a case where Doe 16 is improperly joined. If Doe 16 will be severed from the case, Plaintiff's discovery request is not relevant to this particular case, and Doe 16's identity must be protected.

**II. <u>This Court can within this case control discovery that is</u>**

**not relevant to the instant litigation.**

Next, Doe 16 respectfully disagrees with the magistrate's suggestion that this Court "may not even be the appropriate forum in which to seek to quash the subpoenas." This Court, pursuant to its "right and responsibility to control the broad outline of discovery," has the authority to quash, and should quash, the subpoena - regardless from what court the subpoena was issued, or, in the alternative, enter a protective order preventing the release of Doe 16's subscriber information. *See, e.g., Best W. Int'l, Inc. v. Doe*, 2006 WL 2091695 (D. Ariz. 2006) (quoting *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C. 2001)) (discussing the requirement in Fed. R. Civ. P. 45(c) that subpoenas be enforced by the issuing court).

### III. **Doe 16 can object to his/her own information being released in a case where Doe 16 is improperly joined.**

Next, Doe 16 disagrees with the magistrate's conclusion that Doe 16 cannot establish standing. Doe 16 has standing to challenge a subpoena because it seeks information over which s/he has a "personal right or privilege." *Klima v. Carnival Corp.*, 2009 WL 1066969 *2 (S.D. Fla. 2009); *see also Whalen v. Roe*, 429 U.S. 589, 599 (1977) (recognizing "the individual interest in avoiding disclosure of personal matters"). In

addition to having a protectable privacy interest in his/her own subscriber information, Doe 16 also has a due process right, and a right pursuant to federal law, to be properly notified over the release of such information.

If the Court were to perform a balancing test on the Plaintiff's rights to protect its copyrights against Doe 16's right to privacy *in this case*, the scale would overwhelmingly weigh against Plaintiff because Doe 16 is improperly joined, thus Doe 16's subscriber information is entirely irrelevant to the case.  Plaintiff has merely joined multiple defendants in a fishing expedition to obtain subscriber information for additional, improperly joined individuals without having to pay separate filing fees for each Defendant.

Doe 16 is not insensitive to the right to protect copyrights.  However, unless Plaintiff's claims against Doe 16 derive from the same transaction or occurrence as those against Doe 1, Doe 16 has no business being included in this action, and his or her subscriber information should be protected.

### IV. **Plaintiff does not have good cause to obtain early discovery for Does 2-32.**

Next, the Court should reconsider and vacate its order granting early discovery because Plaintiff does not have good cause to issue early discovery, and has other means, to obtain

the subscriber information for Does 2-32. Discovery, even to non-parties, is normally barred prior to the Rule 26(f) conference unless a party shows "good cause." *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08CV310T27MAP, 2008 WL 927558 (M.D. Fla. 2008) (citing Fed.R.Civ.P. 26(d)(1)). Good cause is not present as to the identities of Does 2-32 because Plaintiff's complaint would not be able to withstand a motion to dismiss. *See, e.g.*, *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91* (S.D. Cal. May 4, 2012) (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999) ("when considering motions for early discovery to identify John Doe defendants, a 'plaintiff should establish that its suit against the defendant could withstand a motion to dismiss.'") *Malibu Media, LLC v. Does 1-7*, 2:12-cv-1514-LKK-EFB, 2012 U.S. Dist. LEXIS 96333, at *10 (E.D. Cal. July 10, 2012) (finding a plaintiff to have demonstrated good cause for only "some of the expedited discovery requested," namely for discovery as to Doe 1 only). Although joining 32 defendants in one lawsuit may indeed save Plaintiff **$10,850** in filing fees, doing so violates the Rules of Civil Procedure and consequently invades the privacy rights of the improperly joined John Does.

Furthermore, Plaintiff has alternative means to obtain the

subpoenaed information, and that is to file 32 separate lawsuits against the 32 John Does, without abusing the joinder rules, and to file a separate motion for leave to obtain early discovery in each case. *See, e.g., Bubble Gum Prod., LLC v. Does 1-80*, 12-20367-CLV-SE1TZ, 2012 WL 2953309 (S.D. Fla. July 19, 2012) (vacating in part an order granting leave to conduct early discovery as it pertains to Does other than Doe No. 1).

Therefore, as Plaintiff has other means of obtaining the sought information and would not withstand a motion to dismiss as to Does 2-32, the Court should reconsider its order granting Plaintiff leave to serve early discovery as to Does 2-32.

**V.** **In the alternative, the Court should at the very least enter a protective order allowing Doe 16 to proceed anonymously.**

Next, should this Court choose to deny Doe 16's request for protective order as to the release of Doe 16's information, Doe 16 asks that, in the alternative, the court enter a protective order, pursuant to Rule 5.2(e) or 26(c)(1), allowing Doe 16 to proceed anonymously. Rule 5.2(e) provides that, for good cause, the court may enter a protective order requiring redaction of additional information. Rule 26(c)(1) further allows the court to issue a protective order to "protect a party or person from . . . embarrassment."

Good cause exists because the social stigma, and potential

embarrassment, of illegally downloading a pornographic film is strong enough to overcome the presumption of openness in court proceedings. Malibu Media's allegation of the illegal downloading of *Young & Hot* creates a huge "risk of embarrassment." *See Aerosoft GMBH*, No. 12-21489-CIV, 2012 U.S. Dist. LEXIS 68709 (S.D. Fla. May 16, 2012) (citing *Digital Sin, Inc. v. Does 1-176*, No. 12-cv-00126, 2012 U.S. Dist. LEXIS 10803 *8-11, 2012 WL 263491 *3 (S.D.N.Y. Jan. 30, 2012)).

Courts in similar BitTorrent cases have allowed defendants to proceed anonymously due to the "highly sensitive nature and privacy issues that could be involved with being linked to a pornography film." *Next Phase Dist., Inc. v. Does 1-138,* 2012 WL 691830 (S.D.N.Y. March 1, 2012) (citing *Digital Sin, Inc. v. Does 1-5698*, No. C 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011)). Furthermore, "[a] party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1316-17 (11th Cir. 2011) (citations omitted) (internal quotation marks omitted) (anonymity allowed for topless females in *Girls Gone Wild* videos); *see also Doe v. Commonwealth's Attorney for Richmond,* 403 F.Supp. 1199 (E.D. Va. 1975), *aff'd,*

425 U.S. 901 (1976) (anonymity allowed where issue involved homosexuality); *Doe v. McConn,* 489 F.Supp. 76 (S.D. Tex. 1980) (anonymity allowed where issue involved transsexuality). "Where the issues involved are matters of a sensitive and highly personal nature ... the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Francis*, 631 F.3d at 1316-17 (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaff*, 599 F.2d 707, 712-13 (5th Cir. 1979)) (other citations omitted) (internal quotation marks omitted).

No party will be prejudiced if Doe 16 is allowed to proceed anonymously, and Plaintiff will still be able to prosecute its case. *See, e.g.*, *Next Phase Dist., Inc. v. Does 1-138,* 2012 WL 691830 (noting "the lack of any showing by plaintiff that they would be prejudiced if defendant Doe proceeded anonymously").

**VI. <u>Conclusion</u>**

In summary, Doe 16 asks that this Court consider the issue of severing prior to or in conjunction with deciding on Doe 16's motion for protective order or to quash, with which the issue of severing is strongly intertwined. Additionally, the Court should reconsider and vacate its order granting early discovery, and thus quash the existing discovery, because

Plaintiff does not have good cause to issue early discovery for Doe 16's subscriber information, and Plaintiff has other means to obtain such information, which would be by filing separate lawsuits without abusing the joinder rules.  Next, the Court should find that Doe 16's identity is not relevant to the instant litigation, which can only really be relevant as to Doe 1.  Finally, in the alternative, this Court should, at the very least, enter a protective order allowing Doe 16 to proceed anonymously so as to protect Doe 16's privacy and protect Doe 16 from embarrassment.

WHEREFORE, Defendant Doe 16 respectfully requests that this Honorable Court enter an Order REJECTING the magistrate's recommendations in whole and granting the relief requested in Doe 16's motion.  In the alternative, should the Court wish to accept part of the magistrate's recommendations, Doe 16 asks the Court to withhold its ruling until deciding on the issue of severing, or, should the Court chose to not immediately sever the case, that it enter a protective order allowing Doe 16 to proceed anonymously.

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 20, 2012,** I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify electronically all parties.

*Attorney for Doe 16:*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803
Tel 407-965-5519
Fax 407-545-4397
www.cynthiaconlin.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
cynthiaconlin@cynthiaconlin.com