UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| | ) |
| Plaintiff, | ) Case No: 3:12-cv-00574-HLA-JRK |
| | ) |
| v. | ) |
| | ) |
| JOHN DOES 1-32, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DOE 16'S, DOE 22'S, DOE 14'S, AND DOE 5'S OBJECTIONS TO REPORT AND RECOMMENDATION [35], WITH INCORPORATED MEMORANDA OF LAW [CM/ECF 37, 38, 39, 40, 41]**

### I.  INTRODUCTION

This Court should deny the subject motions and adopt the Report and Recommendation by the Honorable Judge Klindt. First, Defendants have failed to make the necessary specific showing that is required in order for this Court to properly issue a protective order. In addition to failing to demonstrate what harm, if any, would be incurred absent a protective order, Defendants also fail to describe the type of protective order sought. Plaintiff objects to an unspecified protective order but is willing to allow the Doe Defendants to file their identifying information under seal in order to prevent any undue potential embarrassment. Next, the Defendants argue that their identifying information is not relevant to the litigation and that this Court should ignore Rule 45 and quash the subpoenas issued to Defendants' ISPs. Finally, Defendants wrongly argue that their privacy interests outweigh Plaintiff's interest in obtaining a subpoena response to protect its copyrights and that Plaintiff has not demonstrated good cause to obtain early discovery. Defendants base these arguments on previously rejected grounds and provide essentially no new support sufficient for this Court to find that Judge Klindt's Report

1

and Recommendation should not be adopted. Accordingly, for the foregoing reasons, as explained more fully herein, Defendants' motions should be denied.

## II. THIS COURT SHOULD NOT ISSUE A PROTECTIVE ORDER

Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Fed. R. Civ. P. 26(c)(1)*. Prior case law makes clear that a protective order is only proper when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Report and Recommendation* [CM/ECF 35] at pp. 7-8 citing *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005). Judge Klindt's Report and Recommendation in addition to Plaintiff's previous filings make clear that the Defendants have not made the requisite showing sufficient to obtain this Court's protection under the Federal Rules. Defendants' present objections again fail to make a "particular and specific demonstration of fact" as required by the Rule. Indeed, Defendants' only argument relies on the assertion that if the Defendants are later severed, then the Does' identities will no longer be relevant to the litigation. This argument does not comply with the requisite standard and is premature since Judge Klindt specifically stated that the issue of joinder will be addressed in a separate order which has yet to issue. Because the Doe Defendants are currently properly joined and they have failed to make the requisite showing in order to obtain a protective order, Defendants' requests for a protective order should be denied.

### A. Plaintiff Does Not Object to Filing Doe Defendants' Names Under Seal

Defendants have failed to specify the type of protective order sought from the Court and failed to show that such protective order is necessary. Plaintiff objects to a blanket undefined protective order. Notwithstanding the foregoing, Plaintiff does not wish to cause any Doe Defendant undue embarrassment. Accordingly, Plaintiff does not object to filing the Does' information under seal and allowing Defendants to remain anonymous through the end of discovery, so long as that limitation does not prevent Plaintiff from conducting discovery in an orderly and efficient manner.

### III. DEFENDANT IMPERMISSIBLY INVITES THE COURT TO IGNORE RULE 45(C)(3) AND QUASH THE SUBPOENA

Rule 45(c)(3)(A) and (B) provides that "the <u>issuing court</u>" has the power to quash or modify a subpoena. *Fed. R. Civ. P. 45(c)(3)(A),(B).* In this case, Doe 16's and Doe 14's ISP is Embarq Corporation, located in Denver, Colorado and the subpoena was properly issued out of the District Court for the District of Colorado. Doe 22's ISP is Verizon, located in San Angelo, Texas, and the subpoena was properly issued out of the Northern District of Texas. Finally, Doe 5's ISP is Comcast, located in Moorestown, New Jersey and the subpoena was properly issued out of the District Court for the District of New Jersey. Accordingly, "[t]he Middle District of Florida was not the issuing court for the subpoena[s]. [The ISPs are] not subject to this Court's jurisdiction, and the Court lacks authority to quash the subpoena[s] pursuant to Rule 45." *Malibu Media, LLC. v. John Does 1-24*, 2:12-cv-00425-UA-DNF, *Report and Recommendation* p. 5 [CM/ECF 15]. Defendant, however, invites this Court to impermissibly ignore Rule 45's "issuing court" language and improperly quash the subpoena issued to Defendant's ISP based upon the Court's ability to control the broad outline of discovery. Judge Klindt properly recognized that such action, if taken by this Court, would clearly be in error. *See Report and Recommendation* [CM/ECF 35] ("this Court may not even be the appropriate forum in which to

3

seek to quash the subpoenas . . . The undersigned is simply not persuaded by the Does' arguments.")

Contrary to Defendants' argument, this Court's ability to control discovery must be tempered by the Federal Rules of Civil Procedure. Although the scope and substance of the subpoena is determined in the Court's discretion, the procedure for issuing or quashing the subpoena is governed by the Federal Rules. This Court should disregard Defendant's invitation to ignore the Federal Rules and refuse to improperly quash the subpoenas correctly issued out of the respective courts.

### A. The Doe Defendants' Identities Are Relevant to the Instant Lawsuit

Federal Rule of Civil Procedure 26(b)(1) provides for a broad scope of permissible discovery and states that the parties may obtain "the identity and location of persons who know of any discoverable matter." *Fed. R. Civ. P. 26(b)(1)*. Accordingly, even if the Doe Defendants are not the alleged infringers, as they attempt to argue, "the ISP subscriber's personally identifying information is nonetheless relevant. Its relevancy stems from the fact that the subscriber's identifying information may . . . lead to the discovery of admissible evidence, i.e. the real infringer's identity, if the subscriber is not the infringer." *Report and Recommendation* [CM/ECF 35] at p.8. The Doe Defendants' argument that their identities are irrelevant is wrong and should be rejected in accordance with Judge Klindt's Report and Recommendation.

### IV. DEFENDANTS' PRIVACY ARGUMENT HAS BEEN CONSISTENTLY REJECTED

Defendants' objections merely attempt to reassert the previously denied argument that the Defendants' right to privacy outweighs Plaintiff's interest in obtaining a subpoena response so that it may protect its copyrights. This argument is flat-out wrong and has been repeatedly rejected. Indeed, it is now well-known law that "First Amendment privacy interests are

4

exceedingly small where the 'speech' is the alleged infringement of copyrights." *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) *See also Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577,* 2010 U.S. Dist. LEXIS 94594, at *10 n.2 (D.D.C. Sept. 10, 2010) ("the protection afforded to such speech is limited and gives way in the face of a prima facie showing of copyright infringement"); *West Bay One, Inc. v. Does 1-1653*, 270 F.R.D. 13, 16 n.4 (D.D.C. July 2, 2010) (using the same language as Achte/Neunte, 2010 U.S. Dist. LEXIS 94594, at *10 n.2); *Sony Music Entertainment v. Does 1-40,* 326 F. Supp. 2d at 567 (First Amendment right of alleged file-sharers to remain anonymous "must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Elektra Entm't Group, Inc. v. Does 1-9*, 2004 WL 2095581, at *4-5 (S.D.N.Y. 2004) (finding that First Amendment right to anonymity overridden by plaintiff's right to protect copyright).  In granting Plaintiff's Motion for Early Discovery this Court specifically rejected Defendants' exact argument citing a number of cases in support.  *See* [CM/ECF 6] at pp. 4-5.

### A. Judge Klindt Found That Defendants Lacked Standing to Challenge the Subpoena

Judge Klindt found that the Doe Defendants "cannot establish standing to challenge the subpoenas.  The subpoenas were issued to third-parties—the Does' respective ISPs—not to the John Does."  *Id.*  Defendants' objections fail to persuade otherwise.  Defendants' arguments offer no support for the assertion that standing exists.  Accordingly, in light of the Doe Defendants' lack of standing and previously rejected privacy argument, the Doe Defendants' argument for quashing the subpoena should be rejected.

### V.     PLAINTIFF HAS ESTABLISHED GOOD CAUSE FOR EARLY DISCOVERY

After a detailed examination of the five factors that are considered when determining whether or not good cause exists to subpoena an anonymous on-line infringer's identity, this Court properly concluded that Plaintiff has established good cause. Here, Defendants contest Plaintiff's assertion that there is no alternative means to obtain the Defendants' identities. Defendants claim that an alternative means exists because Plaintiff can file 32 separate law suits followed by 32 separate motions for leave to obtain early discovery in each case. Ultimately, this method is merely a less efficient more costly and time consuming means to the same end for all parties involved. Whether done separately or jointly, the only means to obtain the subscriber's identifying information is to have the ISP "correlate the IP address to a real person, the subscriber of the internet service." *Order* [CM/ECF 6] at p. 4. Accordingly, when considered in conjunction with the other four factors—Plaintiff's prima facie claim for copyright infringement, the specificity of Plaintiff's discovery request, Plaintiff's central need for the subpoenaed information, and the Defendants' minimal expectation of privacy—good cause exists to subpoena the Doe Defendants' identities.

Defendants also attempt to argue that there is no good cause because "Plaintiff's complaint would not be able to withstand a motion to dismiss." "In deciding whether to grant or deny a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, must accept all factual allegations as true, and must limit its consideration to the pleadings and any exhibits attached thereto." *Broadcast Music, Inc. v. Evie's Tavern Ellention, Inc.*, 2011 WL 6012201 (M.D. Fla. 2011). Defendant engages in absolutely no analysis in attempting to make this argument because the face of Plaintiff's well-pled complaint makes clear that Plaintiff has stated a prima facie claim for copyright infringement against the Defendants sufficient to withstand a motion to dismiss. Indeed, this Court expressly recognized that Plaintiff

has stated a prima facie claim for copyright infringement by asserting its "ownership of the copyright at issue and that 'each Defendant copied the constituent elements of the registered Work . . . which contains an original work of authorship.'"  *Order* [CM/ECF 6] p. 3. Defendant's conclusory argument is factually and legally insufficient and wrong.

VI.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: January 9, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*